# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| CHERYL DEAS, | ) |
| | ) |
| Plaintiff, | ) No. 2:18-cv-3303-DCN |
| | ) |
| vs. | ) **ORDER** |
| | ) |
| PLAN ADMINSTRATION COMMITTEE | ) |
| OF HCA HEALTH AND WELFARE | ) |
| BENEFITS PLAN, | ) |
| | ) |
| Defendant. | ) |
| | ) |

This matter is before the court on defendant Plan Administration Committee of HCA Health and Welfare Benefits Plan's ("the Committee") motion to dismiss, ECF No. 20. For the reasons set forth below, the court grants the motion to dismiss but permits Deas to amend her complaint.

## I.  BACKGROUND

Plaintiff Cheryl Deas ("Deas") was employed by HCA, making her eligible to participate in the HCA Health and Welfare Benefits Plan ("the Plan"). The Plan is administered by the Committee, and, pursuant to the Plan, long-term disability insurance coverage could be obtained through Prudential Insurance Company of America ("Prudential"). Deas's amended complaint refers to "HCA's long term disability plan," ECF No. 11 at 1; however, a review of the Plan documents shows that the "long term disability plan" is long-term disability benefits program that, while provided for by the Plan, is administered by Prudential. ECF No. 20-3 at 3.[1] During annual enrollment in

---

[1] The Plan documents were attached to the Committee's motion to dismiss, not the amended complaint. At this stage of litigation, the court may consider documents that

1

2014, Deas elected long-term disability insurance coverage. In order to obtain the coverage, Deas was required to submit an evidence of insurability ("EOI") form. Deas alleges that the EOI form could be obtained from HCA, and that the Plan stated that if EOI is required, an EOI form would be mailed directly to the insured.

Deas went on a leave of absence from work in January 2014. She then returned to work until her medical conditions caused her to stop working on May 29, 2015. When Deas subsequently filed a claim for long-term disability insurance coverage with Prudential, Prudential denied the claim because Deas never submitted an EOI form, meaning she never received long-term disability insurance coverage from Prudential. Deas alleges that neither the Committee nor any employee of HCA informed Deas that an EOI form was required for long-term disability insurance coverage to be effective or sent Deas an EOI form to be completed.

As a result, Deas filed the instant action. Deas filed her initial complaint on December 7, 2018 and subsequently filed an amended complaint on February 25, 2019. Her amended complaint brings one cause of action for breach of fiduciary duty under the Employment Retirement Income Security Act ("ERISA"). The Committee filed its motion to dismiss on March 26, 2019. ECF No. 20. Deas responded on April 9, 2019,

---

are not attached to the complaint when they are "integral to and explicitly relied on in the complaint and [when the plaintiff] do[es] not challenge [their] authenticity." Phillips v. LCI Int'l, Inc., 190 F.3d 609, 618 (4th Cir. 1999). Here, Deas refers to and relies upon the Plan documents in both her amended complaint and in her response to the motion to dismiss. See ECF No. 11 at 1–2; ECF No. 21 at 5. Moreover, the terms of the Plan are integral to resolving the Committee's motion to dismiss, and no one disputes the documents' authenticity. Therefore, the court will utilize the Plan documents in its consideration of the motion to dismiss.

ECF No. 21, and the Committee replied on April 16, 2019, ECF No. 23. The motion is ripe for review.

## II. STANDARD

A Rule 12(b)(6) motion for failure to state a claim upon which relief can be granted "challenges the legal sufficiency of a complaint." Francis v. Giacomelli, 588 F.3d 186, 192 (4th Cir. 2009) (citations omitted); see also Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) ("A motion to dismiss under Rule 12(b)(6) . . . does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses."). To be legally sufficient, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A Rule 12(b)(6) motion should not be granted unless it appears certain that the plaintiff can prove no set of facts that would support his claim and would entitle him to relief. Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). When considering a Rule 12(b)(6) motion, the court should accept all well-pleaded allegations as true and should view the complaint in a light most favorable to the plaintiff. Ostrzenski v. Seigel, 177 F.3d 245, 251 (4th Cir.1999); Mylan Labs., Inc., 7 F.3d at 1134. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

3

## III. DISCUSSION

The Committee argues that Deas's amended complaint should be dismissed because (1) the Committee is not a fiduciary with respect to long-term disability benefits program and therefore not a proper defendant, and (2) Deas has failed to allege any fiduciary breach actionable under ERISA. Both of these arguments relate to whether the Committee has a fiduciary status as the long-term disability benefits program. The court finds that the Committee is not a fiduciary for the long-term disability benefits program, and for that reason, Deas's amended complaint must be dismissed.

"Before one can conclude that a fiduciary duty has been violated, it must be established that the party charged with the breach meets the statutory definition of 'fiduciary.'" Coleman v. Nationwide Life Ins. Co., 969 F.2d 54, 60–61 (4th Cir. 1992), as amended (July 17, 1992). The Committee first argues that it is not a fiduciary with respect to long-term disability benefits program based on the language of the Plan. The Committee explains that pursuant to the terms of the Plan, the fiduciary status related to the long-term disability benefits program belongs to Prudential, not to the Committee. As Deas correctly notes, the Committee is the named fiduciary of the Plan. ECF No. 20-4 at 4 ("The [Committee] is the named fiduciary of the Plan (as that term is used by ERISA) and shall have the authority to control and manage the operation and administration of the Plan."). And as the Committee also correctly notes, it delegated its fiduciary duties related to the insured benefits programs; therefore, the named fiduciary for any insured benefits program is the insurance company that administers the benefits. ECF No. 20-2 at 4, 20-4 at 3. Here, the insurance company that provides long-term

disability benefits is Prudential; therefore, Prudential is the named fiduciary for the long-term disability benefits program.

The issue that arises here is Deas's use of the phrase "long term disability plan" in her amended complaint. As discussed above, there is the Plan, which offers the option of enrolling in the long-term disability benefits program, and the long-term disability benefits program itself, which is administered by Prudential. Deas alleges that the Committee "is a plan administrator and fiduciary under the subject long term disability plan." ECF No. 11 at 3. In referring to the "long term disability plan," and in arguing that the Committee is the "named fiduciary" of the Plan pursuant to the terms of the Plan, Deas conflates the Plan and the long-term disability benefits program. As discussed above, the Plan documents indicate that the "long term disability plan" is in fact the long-term disability benefits program. The text of the Plan clearly delegates fiduciary duties with relation to the long-term disability benefits program to Prudential. Therefore, pursuant to the language of the Plan, the fiduciary of the long-term disability benefits program is Prudential, not the Committee.

The Committee also argues that Deas failed to allege a breach of fiduciary duty with respect to the long-term disability benefits program because the Committee exercises no discretion in determining eligibility for the benefits, and the issuance of an EOI form is a ministerial, non-fiduciary act. While this argument actually goes to whether the Committee was a fiduciary, not whether there was a breach of fiduciary duty, the Committee's argument still has merit. "[B]ecause the definition of ERISA fiduciary 'is couched in terms of functional control and authority over the plan,' [the court] must 'examine the conduct at issue when determining whether an individual is an ERISA

fiduciary.'" Moon v. BWX Techs., Inc., 577 F. App'x 224, 229 (4th Cir. 2014) (quoting Wilmington Shipping Co. v. New England Life Ins. Co., 496 F.3d 326, 343 (4th Cir. 2007)). Pursuant to ERISA, a person is a fiduciary when:

> (i) he exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets,
>
> (ii) he renders investment advice for a fee or other compensation, direct or indirect, with respect to any moneys or other property of such plan, or has any authority or responsibility to do so, or
>
> (iii) he has any discretionary authority or discretionary responsibility in the administration of such plan.

29 U.S.C.A. § 1002(21)(A). "In summarizing this definition," the Fourth Circuit has "observed that an ERISA fiduciary is 'any individual who de facto performs specified discretionary functions with respect to the management, assets, or administration of a plan.'" Moon, 577 F. App'x at 229 (quoting Custer v. Sweeney, 89 F.3d 1156, 1161 (4th Cir. 1996)). Providing further guidance on this issue, the Code of Federal Regulations clarifies that "a person who performs purely ministerial functions . . . for an employee benefit plan within a framework of policies, interpretations, rules, practices and procedures made by other persons is not a fiduciary" because ministerial functions do not fall within the discretionary, fiduciary acts identified by ERISA. 29 C.F.R. § 2509.75-8. The Code of Federal Regulations provides several examples of these ministerial, non-fiduciary acts, including "[m]aintenance of participants' service and employment records," "[p]reparation of reports concerning participants' benefits," and "[m]aking recommendations to others for decisions with respect to plan administration." Id. Pursuant to these examples, the Fourth Circuit found that acceptance of premium payments and failure to notify a plan participant that he was no longer eligible for life

6

insurance benefits were both administrative, nondiscretionary functions. Moon, 577 F. App'x at 231.

As discussed above, the Committee delegated its fiduciary duties related to the long-term disability benefits program to Prudential. In delegating those duties, the Committee delegated its duties "to interpret the insurance contracts and to make all interpretive and factual determinations as to whether any individual is entitled to receive any benefits under the terms of the insurance contract." ECF No. 20-2 at 4–5. Because the Committee delegated those duties, it has no discretionary control over whether an individual is eligible for long-term disability insurance coverage. Moreover, the information regarding the long-term disability insurance coverage clearly states that Prudential, not the Committee, will use EOI to determine whether an individual is approved for coverage. ECF No. 20-3 at 4. Therefore, pursuant to the Plan documents, the Committee had no discretion in determining whether long-term disability insurance coverage should be provided. As such, sending an EOI form that is used to make the discretionary decision of coverage provision is clearly a ministerial task. Indeed, sending a form that is used to aid Prudential in determining whether an individual is eligible to receive long-term disability insurance coverage is akin to the Code of Federal Regulations's examples of preparing reports related to an individual's benefits and making recommendations to others about plan administration.

Deas argues that the Committee "is directly responsible for determining [her] eligibility to participate in the long term disability plan which would include, among other things, providing [Deas] with the necessary EOI form." ECF No. 21 at 6. She cites to language in the Plan documents that discusses the Committee's discretion in

determining an individual's eligibility for benefits provided under the Plan. Id. at 5–6. However, as discussed above, Prudential, not the Committee, is the entity that determines whether Deas is eligible for long-term disability insurance coverage because the Committee delegated its duties related to eligibility to Prudential. See ECF No. 20-2 at 4–5 (delegating "fiduciary duties to . . . make all interpretative and factual determinations as to whether any individual is entitled to receive any benefits" pursuant to the Plan's benefit options).

Moreover, Deas argues that because the EOI form was necessary for Prudential to provide long-term disability insurance coverage, the Committee's alleged failure to provide the form was a discretionary action related to Deas's ability to obtain coverage. However, just because the Committee's alleged failure to provide an EOI form had an effect on Deas's ability to receive long-term disability insurance coverage does not mean that the Committee exercises any discretion in managing the long-term disability benefits program, which is the key inquiry that is required to determine whether the Committee is a fiduciary here. As such, the Committee's failure to provide an EOI form is ministerial. Therefore, the Committee did not act as a fiduciary under the long-term disability benefits program with regard to its failure to provide an EOI form.[2]

Deas asks that the court allow her to file a second amended complaint if the court finds that her amended complaint is not sufficiently pleaded. The Committee argues that

---

[2] The Committee also notes that Deas makes a reference to ERISA § 502(a)(2), 29 U.S.C. § 1132(a)(2) in her amended complaint. The Committee argues that any claim under § 502(a)(2) is not cognizable here because § 502(a)(2) claims require a plaintiff to assert recovery for the employee benefit plan as a whole, and here, Deas is simply seeking recovery for her personal loss. Deas does not respond to this argument. However, the court need not address this issue because it dismisses the amended complaint for other reasons.

allowing Deas to amend her complaint again would be futile because there is no set of facts that Deas could plead in order to sufficiently allege that the Committee has breached a fiduciary duty. When a party has amended its pleading once as a matter of course and seeks leave to amend its pleading again, "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). As discussed above, the issue with Deas's current complaint is that she alleges a breach of the long-term disability benefits program, for which the Committee is not a fiduciary. Moreover, also as discussed above, the provision of an EOI form is a ministerial task, so even if Deas alleged that the Committee breached its fiduciary duty in administering the Plan, she would be unable to do so successful.

However, the court notes that the essence of Deas's claim is that the Committee did not provide her with an EOI form when it was obligated to do so under the terms of the Plan. The "Summary Plan Descriptions for HCA Benefits Plans," which is part of the Plan, states that evidence of insurability may be required to enroll in long-term disability insurance coverage and "[t]o provide evidence of insurability, you'll need to complete a form that contains questions about your or your dependent's health and medical history. <u>The form will be mailed directly to you if evidence is required</u>." ECF No. 20-2 at 2 (emphasis added). Deas describes this language in her amended complaint, alleging that this created an obligation for the Committee to provide Deas with an EOI form. The Committee argues, in a rather conclusory manner, that it "had no obligation to provide [Deas] with the EOI form" and that "[a]ny allegation to the contrary by [Deas] should be disregarded." ECF No. 20-1 at 3–4. However, it appears to the court that the language above could create an obligation to send Deas an EOI form, and the Committee provides

no reasoning as to why this language does not create such an obligation or why the allegation should be disregarded. Without expressing any opinion on whether Deas could sufficiently allege a breach of contract based on this purported obligation under the Plan, as this argument was not before the court, the court will permit Deas to amend her complaint to address this alleged failure to provide an EOI form pursuant to the terms of the Plan.

### IV.   CONCLUSION

For the foregoing reasons the court **GRANTS** the motion to dismiss but permits Deas to amend her complaint.

**AND IT IS SO ORDERED.**

_____
DAVID C. NORTON
UNITED STATES DISTRICT JUDGE

**April 30, 2019**
**Charleston, South Carolina**

10